DENNIS, Circuit Judge:
Defendant-Appellant Domingo Luciano-Rodriguez appeals his conviction and sentence for attempted illegal reentry following a prior deportation in violation of 8 U.S.C. § 1326. Luciano-Rodriguez claims that the district court erred in enhancing his base offense level based on a finding that his prior conviction for sexual assault constituted a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A). Luciano-Rodriguez also argues that the district court erred when it sentenced him under the mandatory guideline regime held unconstitutional in United States v. Booker.[1] Lastly, Luciano-Rodriguez raises the issue of whether 8 U.S.C. § 1326(b) is unconstitutional in light of Apprendi v. New Jersey.[2] After reviewing the record and the parties’ arguments, we vacate Luciano-Rodriguez’s sentence and remand to the district for resentencing.

I.Background

Domingo Luciano-Rodriguez pleaded guilty before a magistrate judge to attempted illegal reentry following a prior deportation. The district court accepted the plea. Pursuant to U.S.S.G. § 2L1.2(b)(1)(A), in the presentence report the probation officer applied a 16-level increase to Lueiano-Rodriguez’s base offense level due to a prior Texas conviction for sexual assault. Luciano-Rodriguez objected to the enhancement, yet the probation officer maintained that the prior Texas offense constituted a “crime of violence” under the sentencing guideline because it was both a forcible sex offense and had as an element the use, attempted use, or threatened use of physical force against another person.
At sentencing, the district court overruled Luciano-Rodriguez’s objection. The district court found that sexual assault did not require the use of force as an element of the offense under Texas law. Further, the district court found that under Texas law all nonconsensual sexual conduct is “inherently violent” but concluded that it must look to federal law to determine whether the offense is a “forcible sex offense” under the Sentencing Guidelines. In doing so, the district court concluded that the Texas statute set forth a forcible sex offense because each method of committing the offense required the perpetrator to knowingly use some source of power over the victim to overcome that person’s resistance. The district court sentenced Luciano-Rodriguez to 42 months in prison, to be followed by a three-year term of supervised release. Luciano filed a timely notice of appeal.

II. Standard of Review

This court reviews the district court’s interpretation of the Sentencing Guidelines de novo where, as here, the issue has been preserved in the district court.[3]

III. Analysis

A. Crime of Violence Enhancement

Section 2L1.2(b)(1)(A) provides for a 16-level increase to a defendant’s base offense *322 level when the defendant was previously deported after a conviction for a crime of violence. An offense constitutes a “crime of violence” if (1) it has the use of force against another as an element of the offense, or (2) it fits within an enumerated list, which includes “forcible sex offenses”.[4] In the present case, the government does not argue that force is an element of the offense.[5] Thus, the issue with which this court is concerned is whether LueianoRodriguez’s prior conviction was for a “forcible sex offense.”
Luciano-Rodriguez was previously convicted of violating Texas Penal Code § 22.011(a)(1). Subsection (a)(1) of the statute prohibits intentional or knowing sexual penetration “without the consent” of the other person. In the general definition section of the Texas Penal Code, “consent” is defined as “assent in fact.”[6] Subsection (b) of Texas Penal Code § 22.011, however, provides that “[a] sexual assault under Subsection (a)(1) is without the consent of the other person if: ...” and then proceeds to list ten different situations. Several of these situations are consistent with the other person assenting-in-fact to the sexual activity, although the assent is rendered a legal nullity by the statute. For example, § 22.011(b)(4) provides that sexual activity is without the consent of the other person if “the actor knows that as a result of mental disease or defect the other person is at the time of the sexual assault incapable either of appraising the nature of the act or of resisting it.” In addition, there is no consent when “the actor is a public servant who coerces the other person to submit or participate”, or when the actor is a member of the clergy or is a mental health service provider who exploits the emotional dependency engendered by their position.[7] In each of these situations, there may be assent in fact but no legally valid consent under the statute.[8]
The fact that the Texas Penal Code allows for the violation of § 22.011 even where the other person assents-in-fact to the sexual activity in situations where that assent is rendered a legal nullity makes United States v. Sarmiento-Funes the controlling decision on this issue.[9] In Sar-miento, this court analyzed a Missouri sexual assault statute that prohibited sexual intercourse without the other person’s consent.[10] The court concluded that the statute did not have an element of physical force against another person because under Missouri law “consent” and “assent” are distinguished, and the statute could be violated when the victim “assented” or factually consented to the sexual contact even “though that assent is a legal nullity, such as when it is the product of deception or a *323 judgment impaired by intoxication.”[11] The court also found that the prior violation of the Missouri statute did not constitute a “forcible sex offense” because it did not require “force or threatened force extrinsic to penetration.”[12] The court concluded that not all the conduct criminalized by the Missouri statute could be considered a forcible sex offense.[13] Ultimately, the court held that the defendant’s prior sexual assault conviction did not.qualify as a “crime of violence” for purposes of sentence enhancement.[14]
Like the Missouri sexual assault statute at issue in Sarmiento, Texas Penal Code § 22.011 criminalizes assented-to-but-not-consented-to conduct. Moreover, the element of force is absent from those subsections of the statute.[15] Accordingly, under this court’s reasoning in Sarmiento, the district court in the instant appeal erred in applying the 16-level crime of violence sentence enhancement. This error was not harmless because, without the increase, Luciano-Rodriguez’s total offense level would have been thirteen, which, with a criminal history category of II, would have resulted in a sentencing range of fifteen to twenty-one months under the Sentencing Guidelines — far less than the forty-two month sentence imposed. Therefore, Luciano-Rodriguez’s sentence is vacated and his case is remanded to the district court for resentencing.

B. Application of Mandatory Sentencing Guidelines

As a result of the Supreme Court’s decision in United States v. Booker, it is an error for a sentencing court, under a mandatory sentencing guideline, to impose a sentence enhanced by facts not admitted by the defendant or found by the jury.[16] Additionally, Booker effectively rendered the Sentencing Guidelines advisory only.[17] In the instant appeal, the only enhancement to Luciano-Rodriguez’s sentence made by the district court related to Luciano-Rodriguez’s prior convictions, which after Booker may still be used without a defense admission or a jury finding.[18] Any error of the district court in imposing a sentence under a mandatory application of the Sentencing Guidelines is rendered moot by this Court’s decision to vacate Luciano-Rodriguez’s sentence and remand for resentencing.

C. Constitutionality of 8 U.S.C. § 1826(b)(1) and (2)

The Appellant admits that this claim is foreclosed by Almendarez-Torres v. United States.[19] He merely raises it to preserve the issue for Supreme Court review.

TV. Conclusion

Because this Court finds that Sarmiento is controlling, the district court erred in *324 applying the 16-level crime of violence sentence enhancement. This error was not harmless and, therefore, Luciano-Rodriguez’s sentence is VACATED and his case is REMANDED to the district court for resentencing.

. 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

. 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

.United States v. Sarmiento-Funes, 374 F.3d 336, 338 (5th Cir.2004), citing United States v. Ocana, 204 F.3d 585, 588 (5th Cir.2000).

. U.S.S.G. § 2L1.2, comment. (n.1(B)(iii)).

. The government mentions in a footnote that it maintains that sexual penetration without assent has an element of the use of force and, therefore, the 16-level adjustment is also proper under the alternative definition. (Red Br. at 21 n.7). This bare assertion in a footnote is insufficient to raise the matter for appellate review. See Foster v. Townsley, 243 F.3d 210, 212 n. 1 (5th Cir.2001)(issues inadequately briefed are deemed waived). Furthermore, for the reasons stated infra, the Texas statute prohibits some sexual penetration to which the other person has in fact assented. Thus, this assertion is also irrelevant.

. Tex. Pen.Code § 1.01(11).

. See § 22.011(b)(7)-(9).

. The Texas courts have recognized that one may violate § 22.011 even if the other person assents-in-fact. See, e.g., Rider v. State, 735 S.W.2d 291, 293 (Tex.App.-Dallas 1987)(stat-ing that whether the victim actually consented is irrelevant to determining whether a defendant violated § 22.011(b)(4)).

. 374 F.3d 336 (5th Cir.2004).

. Id.

. Id. at 341.

. Id. at 345.

. Id. at 344-45.

. Id. at 339-42.

. In its decision, the district court determined that a violation of § 22.011 is a "forcible sex offense” because each method of commission required requires that the actor "penetrate the victim using either the power of the person, the power of their position, or the power of mind altering substances.” Nothing in this court's precedent, however, equates emotional manipulation by a clergyman or a mental health professional with the use of force.

. 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621.

. Id. at 764.

. Id. at 756.

. 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998).