United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 5, 2006**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-41391
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAURO JAVIER PORTILLO-VELA,

Defendant-Appellant.

On Appeal from the United States District Court
for the Southern District of Texas
Docket No. 7:05-CR-308-ALL

Before JONES, Chief Judge, and KING and DAVIS, Circuit Judges.

PER CURIAM:[*]

Lauro Javier Portillo-Vela pleaded guilty to reentering the United States illegally after deportation in violation of 8 U.S.C. § 1326. Portillo-Vela now appeals his sentence, arguing that the district court erred in enhancing his sentence under U.S.S.G. § 2L1.2 because his prior sexual assault conviction under TEX. PENAL CODE § 22.011(b)(4) did not constitute a crime of violence. Because we agree that Portillo-Vela's prior conviction did not constitute a crime of violence, we VACATE and REMAND.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The Sentencing Guidelines provide for a sixteen-level upward adjustment for an illegal-entry defendant with a prior conviction for a crime of violence. U.S.S.G. § 2L1.2(b)(1)(A)(ii). An offense qualifies as a crime of violence if it includes an element of force or constitutes an enumerated offense. Id. cmt. (n.1(B)(iii)).

In United States v. Luciano-Rodriquez, 442 F.3d 320 (5th Cir. 2006), reh'g en banc denied, 2006 WL 2235104 (5th Cir. Aug. 3, 2006), we held that because TEX. PENAL CODE § 22.011(a)(1) defines sexual assault to include those offenses, such as here, where "assent is rendered a legal nullity by the statute," a conviction under § 22.011(a)(1) is not a forcible sex offense and thus not a crime of violence. Luciano-Rodriquez, 442 F.3d at 322; see also United States v. Sarmiento-Funes, 374 F.3d 336 (5th Cir. 2004). Because we find no distinction between this case and Luciano-Rodriquez, we conclude that Portillo-Vela's prior conviction did not constitute a crime of violence.

Therefore, we VACATE Portillo-Vela's sentence and REMAND to the district court for resentencing.

2