United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 19, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-50850
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAVIER ROSAS-AGUILAR, also known as Javier Rueda-Aguilar, also
known as Javier Aguilar Rueda,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:06-CR-377-ALL
--------------------

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Javier Rosas-Aguilar (Rosas) appeals following his guilty

plea to illegal reentry, in violation of 8 U.S.C. § 1326.  Rosas

argues for the first time on appeal that his prior conviction in

Texas for attempted sexual assault is not a crime of violence and

that the district court therefore erroneously applied a 16-level

sentence enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii).

Because he did not object in the district court to this

enhancement, Rosas correctly concedes that our review is for

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

plain error.  See United States v. Gracia-Cantu, 302 F.3d 308, 310 (5th Cir. 2002).

In support of his argument, Rosas relies on United States v. Luciano-Rodriguez, 442 F.3d 320, 322-23 (5th Cir.), cert. denied, 127 S. Ct. 747 (2006), where we held that the Texas offense of sexual assault was not a forcible sex offense because certain subsections of the Texas statute "criminaliz[ed] assented-to-but-not-consented-to conduct" and the element of force was absent from those subsections.  During the course of briefing, the Government has supplemented the appellate record with Rosas's state court charging papers and judgment, which show that he was charged with a sexual assault by the use of force.  Rosas now concedes that his challenge is unavailing.  In light of the Government's supplementation and Rosas's concession, Rosas has failed to demonstrate plain error.  See United States v. Calderon-Pena, 383 F.3d 254, 258 (5th Cir. 2004) (en banc); § 2L1.2(b)(1)(A)(ii); cf. Shepard v. United States, 544 U.S. 13, 16 (2005).

Rosas also argues, in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), that the 37-month term of imprisonment imposed in his case exceeds the statutory maximum sentence allowed for the § 1326(a) offense charged in his indictment.  He challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury.

Rosas's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although he contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Rosas properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.