United States Court of Appeals
Fifth Circuit

**F I L E D**

August 15, 2007

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-41068
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellees,

versus

HERIBERTO JARAMILLO-ESTRADA,

Defendant-Appellant.

On Appeal from the United States District Court
for the Southern District of Texas
No. 7:05-CR-00718

Before JONES, Chief Judge, and REAVLEY and SMITH, Circuit Judges.

PER CURIAM:[*]

Defendant Heriberto Jaramillo-Estrada ("Jaramillo") appeals his forty-six month sentence for attempted illegal reentry, arguing that the district court erred by enhancing his offense level by sixteen levels based on a determination that his prior Indiana state court conviction for sexual battery constituted a crime of violence. See U.S.S.G. § 2L1.2(b)(1)(A)(ii). We affirm.

Jaramillo contends that the Indiana statute criminalizes both forcible sex offenses and offenses where there is assent-in-fact, but that assent is rendered a legal nullity due to a mental

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

disability or deficiency, see IND. CODE § 35-42-4-8, and therefore cannot form the basis of a crime of violence enhancement. See United States v. Luciano-Rodriquez, 442 F.3d 320, 321-22 (5th Cir.), cert. denied, ---U.S.---, 127 S. Ct. 747 (2006). This court, however, only need consider whether the subsection under which Jaramillo was convicted, not the statute in its entirety, constitutes a crime of violence. See United States v. Izaguirre-Flores, 405 F.3d 270, 273 n.6 (5th Cir.), cert. denied, 546 U.S. 905, 126 S.Ct. 253 (2005). To determine the applicable subsection, the court can refer "to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." United States v. Fernandez-Cusco, 447 F.3d 382, 386 (5th Cir. 2006)(quoting Shepard v. United States, 544 U.S. 13, 26, 125 S. Ct. 1254, 1263 (2005)).

At his plea hearing, Jaramillo admitted the facts alleged in the "Affidavit of Probable Cause." A review of this affidavit, which describes repeated molestations and the victim's fear, confirms that Jaramillo was convicted under subsection (1) of the Indiana sexual battery statute, "compell[ing someone] to submit to the touching by force or the imminent threat of force," rather than subsection (2), touching another person who is "so mentally disabled or deficient that consent to the touching cannot be given." IND. CODE ANN. § 35-42-4-8. Because subsection (1)

2

constitutes a "forcible sex offense," the district court did not err by enhancing Jaramillo's base offense level.  <u>See</u> U.S.S.G. § 2L1.2 cmt. n.1(B)(iii).

**AFFIRMED.**