OWEN, Circuit Judge,
joined by JONES, Circuit Judge, concurring:
I concur in the judgment. My concern with the court’s opinion is its exclusive reliance on dictionaries in determining the meaning of “sexual abuse of a minor” and “statutory rape.” While dictionaries certainly may be consulted, it is difficult to see why they should be controlling. I respectfully submit that we should attempt to divine what the Sentencing Commission meant when it used the terms at issue in § 2L1.2 by considering the evolution of this section of the Guidelines.
I
The United States Sentencing Commission, courts, attorneys, and probation officers have struggled with the meaning of “a crime of violence” as used in the Sentencing Guidelines, particularly with which crimes of a sexual nature constitute “a crime of violence.”[1] Currently, under § 2L1.2(b)(l)(A), the base offense level is to be increased by 16 levels if a prior conviction for “a crime of violence” receives criminal history points or by 12 levels if that prior conviction does not receive criminal history points.[2] By contrast, a prior conviction for “an aggravated felony” results in an 8 level increase, and a prior conviction “for any other felony” results in a 4 level increase.[3] Accordingly, whether a prior- conviction is for “a crime of violence” can significantly affect the calculation of the advisory sentencing range.
In this case, we must decide whether Rodriguez’s prior conviction under Texas law for sexual contact with a sixteen-year-old female when Rodriguez was more than three years older than the victim constituted either “sexual abuse of a minor” or “statutory rape” with the meaning of § 2L1.2 of the Guidelines. I respectfully submit that amendments to the Sentencing Guidelines over the years indicate that the Commission has not intended for courts to apply the “categorical approach” as an exacting template for discerning what constitutes “forcible sex offenses,” “statutory rape,” or “sexual abuse of a minor,” each of which is an enumerated offense in the definition of “crime of violence” in § 2L1.2.[4]
The Sentencing Guidelines have long included “forcible sex offenses” among the enumerated offenses that constitute a “crime of violence.”[5] The term “forcible *564 sex offenses” describes a broad range of offenses, unlike more specific enumerated crimes, such as murder or manslaughter. “[Fjorcible sex offenses” includes a variety of conduct criminalized under state and federal law that is not as conducive to categorical analysis as more narrowly defined offenses, such as rape. It also seems that “forcible sexual offenses” would connote only those sex crimes that involve force if the words “forcible sex offenses” were given their plain meaning. But the assumption that “forcible sex offenses” must include the use of force was undermined when, in 2001, the Commission amended § 2L1.2 to include “sexual abuse of a minor” as a parenthetical explanation of “forcible sex offenses.”[6] Then, in 2003, the Commission amended the Guidelines to include “statutory rape” as an enumerated offense under the definition of “crime of violence.”[7] In that same amendment, “sexual abuse of a minor” was removed from a parenthetical example of a forcible sex offense and became part of the listed offenses among those in the definition of “crime of violence.”[8] The commentary to the 2003 amendments explained that,
[tjhe previous definition often led to confusion over whether the specified offenses listed in that definition, particularly sexual abuse of a minor and residential burglary, also had to include as an element of the offense “the use, attempted use, or threatened use of physical force against the person of another.” The amended definition makes clear that the enumerated offenses are always classified as “crimes of violence,” regardless of whether the prior offense expressly has as an element the use, attempted use, or threatened use of physical force against the person of another.[9]
These amendments did not directly tell courts whether they should apply the “categorical approach,” described and applied by the Supreme Court in construing a provision of the Armed Career Criminal Act[10] in the seminal decision, Taylor v. United States.[11] But the difficulties encountered by the Commission in conveying the intended meaning of “forcible sex offenses” and “sexual abuse of a minor” do indicate that the Commission has had in mind a range of diverse conduct, defying precise definition, when it has attempted to set forth the sex crimes that constitute a “crime of violence.” Generic descriptions such as “sexual abuse of a minor” do not readily lend themselves to the distillation of essential elements that is the goal of a “categorical” approach.
The Commission’s explanation for further amendments to the definition of “crime of violence” in § 2L1.2 seems, at least to me, to reveal more directly the Commission’s view of how the enumerated sex offenses are to be identified under the Guidelines. Those amendments eschew an approach that would seek a “majority” view of how a broad category of offenses, such as “sexual abuse of a minor,” is defined or its indispensable elements. In the latest of the amendments to the definition of “[cjrime of violence” in § 2L1.2, the Commission added a parenthetical after *565 “forcible sex offenses,” which says “(including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced).”[12] The addition of this parenthetical was in direct response to opinions from this court. The commentary to the 2008 amendments of § 2L1.2 expressly declared that the results in three cases from this circuit were contrary to what the Commission intended.[13] Rather than paraphrase the Commission, the pertinent explanation for the most recent amendments to § 2L2.1 is set forth in the margin.[14] The discussion of our court’s decision in United States v. Luciano-Rodriguez[15] is particularly instructive. Bear in mind that a “crime of violence” as used in § 2L1.2 now expressly includes “forcible sex offenses (including where *566 consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced).”[16] Under Taylor’s categorical approach, we would presumably find the meaning of this “enumerated offense” by searching federal and state statutes, treatises, and dictionaries to determine the “majority” view of the essential elements. Crimes prohibiting conduct that a majority of jurisdictions do not criminalize would not be included within “forcible sex offenses” or the parenthetical description of such crimes. However, a majority of jurisdictions does not criminalize sexual assault that results “when ‘the actor is a member of the clergy or is a mental health service provider who exploits the emotional dependency engendered by their position.’ ”[17] Yet, the Commission has unequivocally explained in its commentary that it intends for such sexual assault convictions under Texas law to be included within the meaning of “forcible sex offenses” and the accompanying parenthetical explanation and therefore that such an assault constitutes a “crime of violence.” [18] Applying the categorical approach would not yield the result that the Commission has expressly said it intends.
What, then, should this tell us about how the Commission intended courts to construe “sexual abuse of a minor” and “statutory rape”? I agree with the court’s opinion today that we should apply a commonsense approach when interpreting these terms. Sexual abuse of a minor and statutory rape are defined differently in different states. But the terms used by the Commission encompass a broad range of conduct and were not intended to exclude what is commonly understand to constitute sexual abuse of a minor or statutory rape. The Texas statute under which Rodriguez was convicted[19] defines conduct that all would agree would be sexual abuse if a minor is the victim. Similarly, statutory rápe is a commonly understood concept. The only issue is whether a sixteen-year old female who had sexual contact with a male more than three years older than she is a “minor” or can be a statutory rape victim for purposes of the Guidelines.
I agree with the court’s opinion today that the Commission did not intend for courts to survey the various state laws to find and adopt the majority view of “minor” or the majority view of when an age difference may constitute an affirmative defense to a charge of statutory rape or sexual abuse of a minor. Statutes that prohibit a nineteen-year-old from having sexual contact (of the sort specifically described the Texas statute)[20] with a sixteen-year-old may not represent a “majority” view with respect to the specified ages, but the conduct proscribed, even in light of the ages set forth, is well within commonly *567 understood parameters of what statutes of this sort criminalize. The conduct proscribed by the Texas statute is commonly understood to be unlawful, even if a large number of states specify that the age of the victim must be fifteen or younger rather than sixteen or younger or that the age differential must be greater than four years. The precise contours of state laws are just that, a matter of state law. If the offense is one that is commonly understood to be sexual abuse of a minor or statutory rape in the generic sense, then it comes within the Commission’s definition of “crime of violence.” To be clear, I agree that Rodriguez’s conviction under the Texas statute for either sexual abuse of a minor or statutory rape is a crime of violence as that term is defined in § 2L1.2.
I agree with Judge Gruender’s dissenting opinion in United States v. Viezcas-Soto,[21] which said “It seems to me that a definition of ‘statutory rape’ that excludes the statutory rape laws of seventeen states, including the most populous state in the Union, along with [Texas, New York, Florida, and Illinois], cannot reasonably be classified as ‘generic.’ ”[22] The Commission presumably knew when it included the terms “sexual abuse of a minor” and “statutory rape” in § 2L1.2 that states do not uniformly define offenses that would fall within these broad descriptions of offenses and that the age of a “minor” differs among states. The Commission did not define “minor” in § 2L1.2, although it did so in other Guidelines sections. In § 2A3.1, “minor” is defined as “an individual who had not attained the age of 18 years.”[23] In § 2A3.2, “minor” is defined as “an individual who had not attained the age of 16 years.”[24] The choice of the age of a “minor” is tailored to the offenses covered in these two Guidelines sections. But § 2L1.2 does not specify the age of a “minor.” If the Commission had intended § 2L1.2 to exclude prior convictions in which the victim was sixteen years of age or older, it could easily have said so. It did not. We should accept the commonly understood usage of the terms “sexual abuse of a minor” and “statutory rape” when the prior conviction was obtained under a state law whose definition of a “minor” is widely accepted, even though a particular state did not choose the same age of “minority” that a “majority” of states has chosen.
II
I am perplexed, for two reasons, by the court’s decision to rely solely on dictionary definitions of the term “minor.” The first is that courts are just as capable as the authors of dictionaries of determining how statutes “usually” define “minor.” The second is that there are inconsistencies in how the court applies the dictionary definitions.
With great respect to the authors of legal dictionaries such as Black’s, why should the court accept at face value the assertions in dictionaries that a “minor,” for some purposes, is “usually” a person under the age of eighteen? Presumably the authors arrive at a definition by surveying the way in which terms are actually used in their relevant legal contexts, a task that this court is able to undertake itself. Furthermore, dictionary entries are, by their very nature, broad and tend to encompass all uses of a word or phrase. Dictionary definitions may be a useful starting point for determining what the Commission meant in using specific terms to describe an enumerated offense, but *568 given the potentially significant consequences for a’ criminal defendant, we should not delegate the interpretation of terms used in a sentencing enhancement entirely to lexicographers.
Second, the court does not appear to adhere to its own commitment to the supremacy of dictionary definitions. The court adopts an age of consent of eighteen by reference to Black’s definition of “statutory rape” while rejecting that same dictionary’s statement that the “age of consent” to sexual intercourse is “usually” defined by statute at sixteen years.[25]
I concur in the judgment.

. U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A) (2012).

. Id. § 2L1.2(b)(1)(C), (D).

. Id. § 2L1.2 cmt. n. l(B)(iii).

. U.S. Sentencing Guidelines § 2L1.2 cmt. n. l(B)(ii) (2001). Prior to the 2001 amendments, the term "crime of violence” was de *564 fined by reference to § 4B1.2, which included "forcible sex offenses.” U.S. Sentencing Guidelines Manual §§ 2L1.2 cmt. n. 1, 4B1.2 cmt. n. 1 (2000).

. U.S. Sentencing Guidelines Manual § 2L1.2 cmt. n. l(B)(ii) (2001).

. U.S. Sentencing Guidelines Manual § 2L1.2 cmt. n. l(B)(iii) (2003).

. Id.

. Id. app. C at 393.

. 18 U.S.C. § 924(e).

. 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990).

. The definition of "crime of violence” is now as follows:
(iii) "Crime of violence” means any of the following offenses under federal, state, or local law: Murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced), statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.
U.S. Sentencing Guidelines Manual § 2L1.2 cmt. n. l(B)(iii) (2012).

. U.S. Sentencing Guidelines Manual app. C supp. at 296 (2008).

. The pertinent reasoning is as follows:
Reason for Amendment: This amendment addresses certain discrete issues that have arisen in the application of § 2L1.2 (Unlawfully Entering or Remaining in the United States). The amendment reflects input the Commission has received from federal judges, prosecutors, defense attorneys, and probation officers at several roundtable discussions and public hearings on the operation of § 2L1.2.
First, the amendment clarifies the scope of the term "forcible sex offense” as that term is used in the definition of "crime of violence” in § 2L1.2, Application Note l(B)(iii). The amendment provides that the term "forcible sex offense” includes crimes "where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced.” The amendment makes clear that forcible sex offenses, like all offenses enumerated in Application Note l(B)(iii), "are always classified as 'crimes of violence,’ regardless of whether the prior offense expressly has as an element the use, attempted use, or threatened use of physical force against the person of another,” USSC, Guideline Manual, Supplement to Appendix C, Amendment 658. Application of the amendment, therefore, would result in an outcome that is contrary to cases excluding crimes in which “there may be assent in fact but no legally valid consent” from the scope of "forcible sex offenses.” See, e.g., United States v. Gomez-Gomez, 493 F.3d 562, 567 (5th Cir.2007) (holding that a rape conviction was not a forcible sex offense because it could have been based on assent given in response to a threat "to reveal embarrassing secrets” or after "an employer threatened to fire a subordinate”); United States v. Luciano-Rodriguez, 442 F.3d 320, 322-23 (5th Cir.2006) (holding that a conviction for a sexual assault was nota forcible sex offense because it could have been based on assent when "the actor knows that as a result of mental disease or defect the other person is at the time of the sexual assault incapable either of appraising the nature of the act or of resisting it,” when "the actor is a public servant who coerces the other person to submit or participate,” or when "the actor is a member of the clergy or is a mental health service provider who exploits the emotional dependency engendered by their position”); United States v. Sarmiento-Funes, 374 F.3d 336, 341 (5th Cir.2004) (holding that a conviction for sexual assault was not a forcible sex offense because it could have been based on assent that is "the product of deception or a judgment impaired by intoxication”).

Id.

. 442 F.3d 320, 322-23 (5th Cir.2006).

. U.S. Sentencing Guidelines Manual § 2L1.2 cmt. n. l(B)(iii) (2012).

. Luciano-Rodriguez, 442 F.3d at 322.

. U.S. Sentencing Guidelines Manual app. C supp. at 296 (2008).

. Tex. Penal Code § 22.011(a)(2).

. The statute provides that:
A person commits an offense if the person ... intentionally or knowingly
(A)causes the penetration of the anus or sexual organ of a child by any means;
(B) causes the penetration of the mouth of a child by the sexual organ of the actor;
(C) causes the sexual organ of a child to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor;
(D) causes the anus of a child to contact the mouth, anus, or sexual organ of another person, including the actor; or
(E) causes the mouth of a child to contact the anus or sexual organ of another person, including the actor.

Id.

. 562 F.3d 903 (8th Cir.2009).

. Viezcas-Soto, 562 F.3d at 914 (Gruender, J., dissenting).

. U.S. Sentencing Guidelines Manual § 2A3.1 cmt. n. 1 (2012).

. Id. § 2A3.2 cmt. n. 1.

. Ante at 558-59 & n. 23.