**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 98-21058

BRUCE WHITE,

Plaintiff-Appellant,

VERSUS

SCOTT BLACK,

Defendant-Appellee.

Appeal from the United States District Court
For the Southern District of Texas

September 17, 1999

Before KING, Chief Judge, and STEWART and PARKER, Circuit Judges.
ROBERT M. PARKER, Circuit Judge:

Bruce White, Texas prisoner #289794, appeals the dismissal of his 42 U.S.C. § 1983 complaint against Scott Black.  We modify the order of dismissal to an order staying the proceedings and, as modified, affirm.

**FACTS AND PROCEEDINGS**

White filed a *pro se, in forma pauperis* complaint alleging that Black, a prison guard, assaulted him.  Black was never served and did not make an appearance.  The Attorney General of Texas, who was not named as a defendant, filed an "amicus curiae motion to dismiss."  The Attorney General averred that White's complaint should be dismissed without prejudice because Black is currently on active duty status with the United States Air Force, citing the

1

Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C. App. §§ 501-591 ("the Act"). The Attorney General stated that if Black were served and if he requested representation from the State of Texas, the ability to conduct Black's defense would be materially altered by the fact that he was on active duty.

White opposed the motion, arguing that the Attorney General, who was not named as a defendant, did not have standing to invoke the Act. White also alleged that the Attorney General failed to produce any evidence to support the assertion that defense of the suit would be materially altered by the fact that Black was on active duty.

The district court dismissed the suit without prejudice. With regard to White's standing argument, the court found that the relief afforded by the Act could be raised by the court on its own motion. *See* 50 U.S.C. app. § 521. The district court did not make any factual findings with regard to White's contention that the Attorney General failed to show that defense of the suit would be materially affected by the fact that Black was on active duty.

**DISCUSSION**

Section 521 of the Act provides that

> [a]t any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act [sections 501 to 591 of this Appendix], unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of this military service.

2

We review a court's order staying proceedings pursuant to § 521 for abuse of discretion. *See Boone v. Lightner*, 319 U.S. 561, 575 (1945).

White reiterates on appeal his argument that the Attorney General had no standing to invoke the protections of the Act.[1] That argument is without merit. As the district court noted, the Act allows the court to afford the available relief on its own motion.

More problematic is the district court's finding that it had authority to dismiss the complaint without prejudice, as opposed to staying the action. Although the district court acknowledged that § 521 normally envisions a stay rather than a dismissal, the court found that a dismissal without prejudice with "appropriate safeguards" was an equally suitable remedy. The district court went on to identify §§ 524 and 525 as providing such safeguards. Section 524 provides that a stay under § 521 shall "be ordered for the period of military service and three months thereafter . . ." Section 525 provides that a period of limitations is tolled for the duration of service.

The language of § 521 clearly provides that the relief afforded is a stay of the proceedings. *See* § 521. The canons of statutory construction dictate that when construing a statute, the court should give words their ordinary meaning and should not

---

[1]The Attorney General entered the case as Amicus Curiae rather than as a representative of Black. We therefore do not base our decision on the statutory provision allowing "some person on [Black's] behalf" to apply for the stay.

3

render as meaningless the language of the statute. *See Boone*, 319 U.S. at 565. Further, as White argues, in order to ensure the timely reinstatement of his action, *i.e.*, within ninety days[2] of Black's discharge from the Air Force, White will have to continually monitor Black's military status. Due to White's imprisonment and lack of means and information to keep up with Black's military status and whereabouts, White has little realistic chance of reinstating the action in a timely manner. We therefore conclude that the district court was without authority to dismiss White's complaint without prejudice under § 521. Rather, the appropriate remedy was a stay.

Finally, White argues that the district court abused its discretion in finding that White was entitled to the protections afforded by § 521 because there is nothing in the record to support a finding that Black's defense of the suit would be materially affected by the fact that he is on active duty. The Supreme Court has declined to set forth rigid rules concerning the burden of proof in this matter, instead entrusting the matter entirely to the discretion of the trial court. *See Boone*, 319 U.S. at 569. A court may ask either party to come forward with the facts necessary

---

[2]The stay contemplated by § 521 encompasses the period of the litigant's military service and "sixty days thereafter." In this case, however, the district court dismissed the action without prejudice and tolled the running of limitations from the commencement of the action until 90 days after defendant's release from active duty. Because the parties do not challenge the additional 30 days and because of the broad discretion granted the district court by the statute, we find no error in allowing White 90 days after Black's release from active duty to pursue his claims.

4

to establish or disprove the serviceman's entitlement to the stay. *See id*. at 569-70. Here, the district court was provided information concerning Black's rank and duty station as well as the court's own docket and the nature of the suit. We cannot say that, given the facts of this case, the district court abused its discretion in determining that Black was entitled to relief under the Act.

## CONCLUSION

Based on the foregoing, we modify the court's order from DISMISSAL to a STAY of proceedings for the period of Black's active duty military service and 90 days thereafter. *See* § 524. As modified, we affirm.

MODIFIED and AFFIRMED.

5