**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**July 14, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-10535
_____

UNITED STATES OF AMERICA

Plaintiff-Appellee

versus

JUAN ARTURO PALOMARES-CANDELA

Defendant-Appellant

_____

Appeal from the United States District Court for
the Northern District of Texas, San Angelo Division
(USDC No. 6:02-CR-051)
_____

_____

Before HIGGINBOTHAM, DENNIS, and CLEMENT, Circuit Judges.

DENNIS, Circuit Judge:[*]

Juan Palomares-Candela ("Candela") appeals the sentence stemming from his conviction for being found unlawfully in the U.S. subsequent to deportation. Candela argues that the district court erred in applying a 16-level enhancement based on its conclusion that Candela had been convicted of a crime of violence prior to his deportation. We vacate the sentence and remand for re-sentencing.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

**BACKGROUND**

On March 13, 2003, Candela pleaded guilty to being found unlawfully in the United States subsequent to deportation. The presentence report ("PSR") assessed a base level of 8 pursuant to U.S.S.G. § 2L1.2. The PSR added 16 levels pursuant to section 2L1.2(b)(1)(A) because, the PSR alleged, Candela had been convicted of a "crime of violence" prior to his deportation. In 1993, Candela pleaded guilty to attempted second degree sexual assault in Colorado (the "prior offense"); he was deported in 2001. Taking into account a three-level reduction for acceptance of responsibility, resulting in a total offense level of 21, and a criminal history category of IV, the guideline sentencing range was 57 to 71 months. The district court sentenced Candela to 71 months to be followed by 3 years of supervised release. Candela timely appealed.

*The Prior Offense*

At the time of Candela's prior offense, Colorado defined sexual assault in the second degree as follows:

> (1) An actor who knowingly inflicts sexual penetration or sexual intrusion on a victim commits sexual assault in the second degree if:
>
> (a) The actor causes submission of the victim to sexual penetration by any means other than those set forth in section 18-3-402, but of sufficient consequence reasonably calculated to cause submission against the victim's will; or

2

(b) The actor causes submission of the victim to sexual intrusion by any means other than those set forth in section 18-3-402, but of sufficient consequence reasonably calculated to cause submission against the victim's will; or

(c) The actor knows that the victim is incapable of appraising the nature of the victim's conduct; or

(d) The actor knows that the victim submits erroneously, believing the actor to be the victim's spouse; or

(e) At the time of the commission of the crime, the victim is less than fifteen years of age and the actor is at least four years older than the victim and is not the spouse of the victim; or

(f) Repealed, L. 90, p. 1033, 25 effective July 1, 1990.

(g) The victim is in custody of law or detained in a hospital or other institution and the actor has supervisory or disciplinary authority over the victim and uses this position of authority, unless the sexual intrusion is incident to a lawful search, to coerce the victim to submit; or

(h) The actor engages in treatment or examination of a victim for other than bona fide medical purposes or in a manner substantially inconsistent with reasonable medical practices.

(2) Sexual assault in the second degree is a class 4 felony.

COLO. REV. STAT. § 18-3-403 (1992).  Further, Colorado's criminal attempt statute dictates that "a person commits a criminal attempt if, acting with the kind of culpability otherwise required for commission of an offense, he engages in conduct constituting a substantial step toward the commission of the offense."  COLO. REV. STAT. § 18-2-101 (1992).

The "complaint/information" charging Candela with attempted second degree sexual assault does not specify which subsection of the statute Candela allegedly violated.  Instead, it simply states

3

that "on the 3rd day of October, A.D. 1992 ... JUAN A. PALOMARES did unlawfully and feloniously attempt to commit the crime of 2nd degree Sexual Assault ... and did engage in conduct constituting a substantial step toward the commission of said crime."[1]  Candela pleaded guilty to the charge, was convicted, and was sentenced to two years of probation.

### ANALYSIS

*Standard of Review*

Candela agrees that, because he did not object to the increased offense level at trial, the enhancement is reviewed for plain error.  *United States v. Gracia-Cantu*, 302 F.3d 308, 313 (5th Cir. 2002).  "Plain error is defined as (1) an error; (2) that is clear or plain; (3) that affects the defendant's substantial rights; and (4) that seriously affects the fairness, integrity, or public reputation of the judicial proceedings."  *United States v. Vasquez*, 216 F.3d 456, 459 (5th Cir. 2000).  The imposition of a 16-level enhancement for a prior offense that does not fall within that sentencing guidelines' definition of a "crime of violence"

---

[1] Candela filed a motion to supplement the record on appeal requesting permission to add the documents charging him with attempted second degree sexual assault in Colorado as well as the judgment convicting him. This court has the authority to supplement the record on appeal, even though the materials were not reviewed by the district court. *See Gibson v. Blackburn*, 744 F.2d 403, 405 n.3 (5th Cir. 1984) ("Although a court of appeals will not ordinarily enlarge the record to include material not before the district court, it is clear that the authority to do so exists."). Because these materials inform our analysis, we grant Candela's motion to supplement the record.

affects the substantial rights of the defendant and the integrity of the judicial proceedings. *Gracia-Cantu*, 302 F.3d at 313. Thus, the question is reduced to whether the enhancement is an error that is clear or plain.

*"Crime of Violence"*

The sentencing guidelines provide for a 16-level enhancement for persons convicted of unlawfully entering or remaining in the United States who were previously deported after a conviction for a "crime of violence." U.S.S.G. § 2L1.2(b)(1)(A)(2). The comments to this guideline define "crime of violence" as follows.

> "Crime of violence"-
>
> (I) means an offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another; and
>
> (II) includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses (including sexual abuse of a minor), robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling.

U.S.S.G. § 2L1.2, comment n.1(B)(ii).

A conviction only falls under the first paragraph if an element of the prior offense requires an intentional use of force. *United States v. Vargas-Duran*, 356 F.3d 598, 599-600 (5th Cir. 2004). The government concedes that Candela's prior conviction

5

does not contain an element requiring the intentional use of force and, thus, does not qualify as a crime of violence under the first paragraph. The second paragraph enumerates certain crimes, including "forcible sex offenses," that are *per se* crimes of violence without regard to whether they have the use of force as an element. *See U.S. v. Rayo-Valdez*, 302 F.3d 314, 317 (5th Cir. 2002) ("the offenses listed in subparagraph II need not show actual, attempted, or threatened use of force, for the precise reason that they are explicitly listed"). The government contends that second degree sexual assault constitutes a "forcible sex offense" and, therefore, that the district court did not clearly err in concluding that Candela was convicted of a crime of violence.

*"Forcible Sex Offense"*

The guidelines do not define the term "forcible sex offense." But this court has recently wrestled with the meaning of this term within the context of Guideline 2L1.2.

> [W]hen one specifically designates a sex offense as a "forcible" sex offense, one probably does so in order to distinguish the subject sex offense as one that does require force or threatened force extrinsic to penetration.

*United States v. Sarmiento-Funes*, 2004 U.S. App. LEXIS 12205, at *23-24 (5th Cir. June 21, 2004).

The prior offense at issue in *Sarmiento-Funes* was a 2002 Missouri conviction for "sexual assault," which the state defined as follows: "A person commits the crime of sexual assault if he has

6

sexual intercourse with another person knowing that he does so without that person's consent." MO. ANN. STAT. § 566.040(1) (West 1999). *Id.* at *1-2. The court explained:

> Although the Missouri sexual assault statute speaks of intercourse "without consent," the state statutes explicitly distinguish between "assent" and "consent," providing that "assent" sometimes does not count as "consent." The Missouri sexual assault statute therefore reaches intercourse to which the victim assents, though that assent is a legal nullity, such as when it is the product of deception or a judgment impaired by intoxication.

*Id.* at *11. The court further noted that, in *United States v. Houston*, 364 F.3d 243, 246 (5th Cir. 2004), this court held that illegal intercourse with consent-in-fact, i.e. assent, does not involve the use of force and thus does not fall under the first paragraph. *Id*. at *12.

The court concluded that Sarmiento-Funes' prior offense for sexual assault in Missouri likewise could not be considered a forcible sex offense under the second paragraph because "the adjective 'forcible' centrally denotes a species of force that either approximates the concept of forcible compulsion or, at least, does not embrace some of the assented-to-but-not-consented-to conduct at issue here." *Id.* at *22-23. The court surmised that "the phrase 'forcible sex offense' used in paragraph (II) of § 2L1.2 cmt. n.1(B)(ii) may well be a term of art that encompasses a narrower range of conduct than does paragraph (I)'s general

7

definition referring to crimes that 'have as an element the use, attempted use, or threatened use of physical force against the person of another.'" *Id.* at *24.

The Colorado statute at issue here is similar to the Missouri statute in that there are non-forcible ways to violate the statute.[2] For example, the perpetrator may be an 18 year old male having sexual relations with a female one day younger than 15. *Cf. Houston,* 364 F.3d at 247 (holding that consensual sexual intercourse between a 20 year old male and a female a day under 17 does not present a serious potential risk of physical injury). Or the perpetrator may simply fool the victim into believing that they are married, in which case the victim is also assenting, or consenting in fact, although the victim's consent is not legally effective.

Because there are non-forcible ways to violate the Colorado statute, Candela's prior conviction cannot be said to constitute a forcible sex offense. As the Colorado statute does not contain an

---

[2] As noted above, the charging instrument is silent as to which subsection of the statute Candela allegedly violated in committing the prior offense. Thus, even reference to the indictment would not change our conclusion. If an indictment is silent as to the offender's actual conduct, we will proceed under the assumption that his conduct constituted the least culpable act satisfying the count of conviction. *Houston*, 364 F.3d at 246. While one could argue about what constitutes the least culpable act violating the Colorado statute, it is nevertheless clear that the Colorado statute is similar to the Missouri statute in that there are non-forcible ways to violate the statute.

element requiring the intentional use of force and as Candela's prior conviction cannot be classified as a forcible sex offense, the district court clearly erred in concluding that Candela's prior conviction constituted a crime of violence.

## CONCLUSION

Candela's prior conviction was not for an offense that contained an element requiring the intentional use of force and also cannot be classified as a conviction for a forcible sex offense. The district court therefore clearly erred in applying the 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(2); and, for the reasons stated above, that error meets the definition of plain error because it affects Candela's substantial rights and seriously affects the fairness, integrity, or public reputation of the judicial proceedings. We VACATE Candela's sentence and REMAND this case to the district court for RE-SENTENCING.