United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 5, 2007**

Charles R. Fulbruge III
Clerk

REVISED July 5, 2007

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 06-30400

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AMOS BELIEW,

Defendant-Appellant.

Appeal from the United States District Court
For the Eastern District of Louisiana

Before JONES, Chief Judge, and HIGGINBOTHAM, and CLEMENT, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

Defendant appeals his felon-in-possession sentence, arguing that one of his prior Louisiana convictions for molesting a minor is not a crime of violence.   We affirm.

I

Amos Beliew was caught hunting food in a wildlife refuge with a .22 rifle.  He explained to the game warden that he didn't have a hunting licence because he is an ex-felon, having been twice convicted in Louisiana for sexually molesting a juvenile.

Beliew was arrested and pleaded guilty to felon-in-possession charges. At sentencing the district court applied a recidivist enhancement for two prior crimes of violence. Beliew objected to one of these, arguing that his *second* molestation conviction was not a crime of violence because the indictment for that second conviction did not say whether *sexual contact* had occurred during the offense. The district court overruled this objection, explaining that the Louisiana molestation statute was categorically a crime of violence, and imposing a sentence of forty-six months. Beliew appeals.

II

We hold that the Louisiana molestation statute is a crime of violence because it is a "forcible sex offense" and affirm. The statute provides:

> Molestation of a juvenile is the commission by anyone over the age of seventeen of any lewd or lascivious act upon the person *or in the presence of* any child under the age of seventeen, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person, by the use of force, violence, duress, menace, psychological intimidation, threat of great bodily harm, *or by the use of influence by virtue of a position of control or supervision over the juvenile*.[1]

The applicable definition of "crime of violence" is set forth at 4B1.2(a), which provides:

> The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that —

---

[1]La. Rev. Stat. § 14:81.2(A) (emphasis added).

2

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> (2) . . . otherwise involves conduct that presents a serious potential risk of physical injury to another.[2]

The definition continues in the application note, which further provides:

> "Crime of violence" includes . . . *forcible sex offenses* . . . . Other offenses are included as "crimes of violence" if that offense . . . by its nature presented a serious risk of physical injury to another.[3]

The government argues, *inter alia*, that the molestation statute is a "forcible sex offense." We agree. We have previously educed the generic contemporary meaning of "forcible sex offense" in the context of a recidivist enhancement for statutory rape.[4] In *Sarmiento-Funes* we explained that "it seems that the adjective 'forcible' centrally denotes a species of force that either approximates the concept of forcible compulsion or, at least, does not embrace some of the assented-to-but-not-consented-to conduct at issue here."[5] The Louisiana statute, in contrast, has an element which approximates "forcible compulsion," for it requires "force, violence, duress, menace, psychological intimidation, threat of

---

[2] U.S.S.G. § 4B1.2(a).

[3] *Id.*

[4] *Unites States v. Sarmiento-Funes*, 374 F.3d 336, 342–45 (5th Cir. 2004).

[5] *Id.* at 344.

3

great bodily harm, or . . . use of influence by virtue of a position of control or supervision over the juvenile."[6]

This final clause poses the more difficult question, as an adult's "use of influence" over a juvenile isn't obviously forcible compulsion. The answer lies in whether such influence can be deemed constructive force as the interstitial federal common law of 4B1.2.[7] The Fourth Circuit deemed it so, explaining that "the adult-child relationship between the defendant and the victim permits the inference of constructive force," and concluded that "[w]hen a child is the victim of adult conduct, force can be inferred."[8] We agree with this reasoning.

Expansion of the term "forcible sex offense" through the fiction of "constructive force" is bounded by *Sarmiento-Funes*, where this court held that a rape statute which encompasses assented-to-but-not-consented-to conduct was not a forcible sex offense.[9] The statute in *Sarmiento-Funes* voided the victim's consent to sex in cases of deception and where the victim's

---

[6]La. Rev. Stat. § 14:81.2(A) (emphasis added). *Cf. State v. Leblanc*, 506 So.2d 1197, 1200 (La.1987).

[7]The Fourth Circuit looked to North Carolina law in holding that a "forcible sex offense" may be committed by constructive force. Although we look to state courts as one source of generic contemporary meaning, the definition of "forcible sex offense" is ultimately a question of federal common law. *United States v. Sanchez-Ruedas*, 452 F.3d 409, 412 (5th Cir. 2006).

[8]*United States v. Pierce,* 278 F.3d 282, 290 (4th Cir. 2002).

[9]*Sarmiento-Funes*, 374 F.3d at 342–345.

4

judgment was impaired by intoxication. Under such a statute, there is at least assent, and so we held that there is no force extrinsic to penetration, constructive or otherwise. But here the Louisiana statute requires that an adult abuse his supervisional authority over a juvenile, a form of psychological intimidation that carries an implicit threat of force, a species of force extrinsic to penetration, distinguishable from *Sarmiento-Funes*.

The defendant responds that the adjective "forcible" refers only to that which is "[e]ffected by force or threat of force against opposition or resistance."[10] The defendant argues that "[t]his definition does not include an offense such as indecent exposure, which is committed without physical contact and does not even require awareness on the part of the victim." With this argument the defendant misconstrues the Louisiana statute, which does not reach indecent exposure alone. The statute requires, at least, "use of influence by virtue of control or supervision." The district court did not err in concluding that this was a "forcible sex offense" under the guidelines.

## III

Amos Beliew next argues that the district court unreasonably denied downward departure at sentencing, believing itself legally bound to ignore his mitigating evidence. Specifically, he explains

---

[10]Quoting Black's Law Dictionary 657 (7th ed.1999).

that he was using the gun for hunting, an activity that might[11] have earned him a reduction had he not also been twice convicted of child molestation, and he argues that this fact should have reasonably earned him a reduction under the section 3553(a) factors.

At sentencing, the district court criticized defense counsel for urging a downward variance without first submitting a supporting memorandum. The district court said:

> I'm listening to your argument and I'm taking it into account, but I have a standing rule that I don't want people coming in here the morning of sentencing and saying "Hey, by the way, vary,' because we can't just willy-nilly vary even though the guidelines are advisory . . .
> I have to tell you, Mr. Beliew, I really feel sorry for you, but I don't think I have a legal ground here to deviate from the guideline range that puts you in a position any different from somebody who is a felon in possession with a criminal history like you, to give you a sentence that is other than in the guideline range. I really feel sorry for you, I have to tell you.

Beliew argues that second paragraph suggests that the district court was not aware that section 3553(a) did provide a legal ground for downward variance. We cannot agree. The first paragraph makes clear that the district court was well aware that the guidelines had become advisory. To make sense of the matter, the court's reference to no "legal ground" for departure must have been to the court's requirement that counsel abide her "standing rule" of

---

[11]The guidelines apply an offense level of six if the gun was used solely for *lawful* sporting purposes. U.S.S.G. 2K2.1(b)(2) (emphasis added).

giving notice of such arguments.  The judgment of the district court is

AFFIRMED.