United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 20, 2007**

Charles R. Fulbruge III
Clerk

REVISED July 26, 2007

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

05-41461

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JORGE GOMEZ-GOMEZ, also known as Jose L Lopez,

Defendant-Appellant.

On Appeal from the United States District Court
for the Southern District of Texas

Before REAVLEY, JOLLY, and BENAVIDES, Circuit Judges.

BENAVIDES, Circuit Judge:

Jorge Gomez-Gomez was convicted by a jury of illegal reentry into the United States after deportation in violation of 8 U.S.C. § 1326(a) and (b). At sentencing, the district judge imposed a sixteen-level "crime of violence" enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) based on Gomez-Gomez's 1991 rape conviction in California. Gomez-Gomez objected to the enhancement, arguing that his conviction for rape was not a "crime of violence" as that term is used in the Sentencing Guidelines. The court overruled the

objection and, after further calculations, sentenced Gomez-Gomez to 100 months imprisonment, to be followed by three years of supervised release.  Gomez-Gomez appeals the sentence.

## I. STANDARD OF REVIEW

A lower court's characterization of a prior conviction as a "crime of violence" is a question of law that we review *de novo*. *United States v. Izaguirre-Flores,* 405 F.3d 270, 272 (5th Cir. 2005).

## II. DISCUSSION

### A.  THE "CRIME OF VIOLENCE" ENHANCEMENT

There are two ways that the California conviction for forcible rape can qualify as a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii).  It must be a "forcible sex offense," or it must "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person of another."  *See* U.S.S.G. § 2L1.2(b)(1)(A)(ii) cmt. n.1(B)(iii).  In *United States v. Sarmiento-Funes*, we suggested that the second inquiry informs the first.  374 F.3d 336, 345 (5th Cir. 2004) (noting that "forcible sex offense" may encompass a narrower range of conduct than element criterion).  Accordingly, we have usually treated these categories in reverse order and we do so again today.

#### 1.  Whether the offense has as an element the use, attempted use, or threatened use of force

"Where some (though not all) methods of violating a statute do not require the use, attempted use, or threatened use of physical

2

force against the victim, 'the statute therefore does not have, *as an element*, the use of physical force against the person of another.'" *United States v. Garcia*, 470 F.3d 1143, 1147 (5th Cir. 2006) (quoting *Sarmiento-Funes*, 374 F.3d at 341). "If any set of facts would support a conviction without proof of that component, then the component most decidedly is not an element—implicit or explicit—of the crime." *United States v. Vargas-Duran*, 356 F.3d 598, 605 (5th Cir. 2004) (en banc). "Force" in this context requires more than mere penetration. *Sarmiento-Funes*, 374 F.3d at 341 ("[I]ntercourse does not involve the use of force when it is accompanied by consent-in-fact.") (relying on and interpreting *United States v. Houston*, 364 F.3d 243, 246 (5th Cir. 2004)); *United States v. Luciano-Rodriguez*, 442 F.3d 320, 322–23 (5th Cir. 2006) (noting that *Sarmiento-Funes* is controlling where sexual assault can be accompanied by consent-in-fact, even where consent is legal nullity). Accordingly, state statutes will not satisfy the "element" criterion when they allow for convictions for statutory rape or rape by deception. *Sarmiento-Funes*, 374 F.3d at 341 n.7. In such cases, while the victim cannot give *legal* consent, he or she is still capable of consent-in-fact, and thus it cannot be said that the statute includes physical force as an *element* of the crime.

A close look at the 1991 version of California's "forcible rape" statute makes plain that it was possible for a defendant to

be convicted of that crime in some cases in which there was no actual, attempted or threatened use of physical force. *See* CAL. PENAL CODE § 261 (1990). A subsection of that statute defines "duress" as "a direct or implied threat of force, violence, danger, *hardship, or retribution* sufficient to coerce a reasonable person of ordinary susceptibilities to perform an act which otherwise would not have been performed, or acquiesce in an act to which one otherwise would not have submitted." *Id.* at § 261(b) (emphasis added).[1] It adds that "[t]he total circumstances, including the age of the victim, and his or her relationship to the defendant, are factors to consider in appraising the existence of duress." *Id.*

That definition allows for conviction even in cases where a defendant does not attempt or threaten physical force. Threats of "hardship" or "retribution" will suffice, both of which fall short of force or injury. "Hardship" was only included in the California rape statute for three years, from 1990 to 1993, so there is not much California case law on the precise meaning of the term, but what there is confirms that a threat of hardship is quite different

---

[1]As noted earlier, the statute also includes a provision for rape by "menace," which is defined as "any threat, declaration, or act which shows an intention to inflict injury upon another." § 261(c). This definition, unlike that of duress, seems to allow for conviction only in cases where there is at least an attempted or threatened use of force against the person of another. Given this, we do not consider the possibility of rape by menace any further.

than a threat of force or injury.[2]  For example, one could have violated the 1991 statute by threatening to reveal embarrassing secrets about his victim that the victim desperately wished to keep private.   Similarly, if an employer threatened to fire a subordinate unless she complied with his demands, that would seem to fit within the statute's definition of duress.  However, such actions, while despicable, do not require the use, attempted use, or threatened use of physical force as we have defined that term. Thus, when Gomez-Gomez was convicted of violating § 261(c) in 1991, it is not true that actual, attempted or threatened force was an

---

[2]In 1993, the California legislature specifically removed "hardship" from the definition of duress. *See People v. Leal*, 94 P.3d 1071, 1075 (Cal. 2004) (discussing legislative history).  We are aware of only one published decision, issued by a state appellate court in California, which identified a threat of hardship sufficient to constitute duress.   *See People v. Bergschneider*, 259 Cal.Rptr. 219 (Cal. Ct. App. 1989).  In that case, the defendant told the victim, his minor stepdaughter, that he would put her "on restriction" if she did not have sex with him. *Id.* at 221.  "Restriction" was the equivalent of being grounded; the child would not be allowed to go out or spend the night at anyone's house.  *Id.*  While the *Bergschneider* decision is from a lower state court, and has since been superseded by statute, it was cited approvingly by the California Supreme Court in *Leal*.  94 P.3d at 1077-78.   In any case, we cite it only for the real-world example of a non-forcible way in which a defendant might violate the 1991 California statute, nothing more.  *See Gonzales v. Duenas-Alvarez*, __ U.S. __, 127 S.Ct. 815, 822 (2007) (noting that defendant "must at least point to his own case or other cases in which the state courts in fact did apply the statute in the special (nongeneric) manner for which he argues").  It should also be noted that the 1993 amendment to the statute might prove to be extremely significant for Guidelines purposes.  If we were considering a more recent version of the law, our conclusion today might be very different.  Of course, it is for future panels to evaluate such a case.  Our decision today is strictly limited to the 1991 version of the statute under which Gomez-Gomez was convicted.

*element* of the crime.  Therefore, his conviction for forcible rape does not satisfy the element criterion of U.S.S.G. § 2L1.2(b)(1)(A)(ii).

### 2.  Whether the California conviction constitutes a "forcible sex offense" under § 2L1.2(b)(1)(A)(ii)[3]

The Supreme Court has instructed lower courts to consider the enumerated crimes in the "generic sense in which [they are] now used in the criminal codes of most States."  *Taylor*, 495 U.S. at 598; *see also Santiesteban-Hernandez*, 469 F.3d at 378 (noting that where enhancement provision does not define predicate offense, "we must first find its 'generic, contemporary meaning'").  It can, of course, prove difficult to ascertain a crime's "generic, contemporary meaning," but in this case we are not writing on a blank slate.  There is already substantial case law in this Circuit discussing the term "forcible sex offense," and that precedent compels the conclusion that the California statute does not qualify.

---

[3]We note at the outset that California's decision to call the crime "forcible" rape is completely irrelevant. *Taylor v. United States*, 495 U.S. 575, 592 (1990) (noting that offense "must have some uniform definition independent of the labels employed by the various States' criminal codes"); *accord United States v. Santiesteban-Hernandez*, 469 F.3d 376, 378 (5th Cir. 2006) ("Accordingly, Texas's designation of Texas Penal Code § 29.02 as its 'robbery' statute does not necessarily mean that it qualifies as 'robbery' under § 2L1.2." (citing *Taylor*, *supra*)); *United States v. Gonzalez-Ramirez*, 477 F.3d 310, 314 (5th Cir. 2007) (evaluating Tennessee kidnapping statute and explaining that "when determining whether a defendant has been convicted of kidnapping for purposes of section 2L1.2, state-law labels do not control.").

For a crime to qualify as a forcible sex offense, *all* of the conduct criminalized by the statute must so qualify. *United States v. Fernandez-Cusco*, 447 F.3d 382, 385 (5th Cir. 2006); *accord United States v. Palomares-Candela*, 104 Fed.Appx. 957, 961 (5th Cir. July 14, 2004) (unpublished opinion) ("Because there are non-forcible ways to violate the Colorado statute, Candela's prior conviction cannot be said to constitute a forcible sex offense."). "If [the] statute allows for convictions in circumstances that do not constitute *forcible sex offenses*, the crime of violence enhancement would be improper, regardless of [the defendant's] conduct in committing the offense." *Fernandez-Cusco*, 447 F.3d at 385 (citing *United States v. Alfaro*, 408 F.3d 204, 209 (5th Cir. 2005)). Hence, the "forcible sex offense" inquiry usually mimics the "elements" inquiry.[4] The former requires us to consider ways in which the state statute could be violated without "forcible" conduct, while the latter requires us to consider ways in which the statute could be violated without the use, attempted use or threatened use of force. These are essentially the same question, particularly after *Sarmiento-Funes*, which defined "forcible" as denoting "a species of force that either approximates the concept

_____

[4]In fact, our case law seems to lead to the conclusion that *any* statute that does not satisfy the elements prong will also not qualify as a "forcible sex offense." We have never explicitly stated as much, but we have described it as "unlikely." *United States v. Jimenez-Banegas*, 2006 WL 3627028, at *2 (5th Cir. Dec. 11, 2006) (unpublished opinion).

7

of forcible compulsion or, at least, does not embrace some of the assented-to-but-not-consented-to conduct at issue here." 374 F.3d at 344 (citing BLACK'S LAW DICTIONARY 657 (7th ed. 1999)).[5] We added that, in our view, Congress specifically chose the term "forcible" "in order to distinguish the subject sex offense as one that *does require* force or threatened force extrinsic to penetration." *Id.* at 345 (citations omitted) (emphasis added).

If the 1991 California statute in this case "encompasses prohibited behavior that is *not* within the plain, ordinary meaning" of the term "forcible sex offense" as we defined it in *Sarmiento-Funes*, we cannot affirm Gomez-Gomez's sentence. *See United States v. Izaguirre-Flores*, 405 F.3d 270, 277 (5th Cir. 2005) (per curiam). Here again the best example comes from the statute's inclusion of duress by threat of hardship. For the very same reasons that force was not an *element* of the statute, it is clear that the statute could have been violated in a way that does not

_____

[5]This naturally begs the question of how to define "forcible compulsion." In *Sarmiento-Funes*, we cited to BLACK'S LAW DICTIONARY for the definition of "forcible" as "[e]ffected by force or threat of force against opposition or resistance." 374 F.3d at 344 (citing BLACK'S LAW DICTIONARY 657 (7th ed. 1999). More helpful than this circular definition, however, is the operative definition of "forcible compulsion" provided at the outset of that opinion: "Forcible compulsion is defined as '[p]hysical force that overcomes reasonable resistance; or . . . [a] threat, express or implied, that places a person in reasonable fear of *death, serious physical injury or kidnapping* of such person or another person." *Id.* at 339 n.2 (quoting from Missouri's "forcible rape" statute) (emphasis added).

fall within *Sarmiento-Funes*'s definition of the term "forcible." 374 F.3d at 344. Therefore, because § 261 sweeps in circumstances that do not require "forcible" conduct, Gomez-Gomez's conviction under that section cannot properly be considered a "forcible sex offense" for sentencing purposes.

Our decision today is in keeping with a line of established precedent in this Circuit. *See, e.g.*, *Sarmiento-Funes*, 374 F.3d 336 (5th Cir. 2004) (ruling sex by intoxication or deception not "forcible" for Guidelines purposes, even where offender knows he is acting without legally valid consent of victim); *United States v. Palomares-Candela*, 104 Fed.Appx. 957, 961 (5th Cir. 2004) (per curiam) (unpublished opinion) (ruling that sex between eighteen-year-old and someone four years younger, and sex accomplished by deceiving victim into believing he or she is offender's spouse, are not "forcible" for Guidelines purposes); *United States v. Meraz-Enriquez*, 442 F.3d 331, 333 (5th Cir. 2006) (ruling that sex with person who is "incapable of giving consent because of mental deficiency or disease, . . . or the effect of any alcoholic liquor, narcotic, drug or other substance . . . ." is not "forcible" for Guidelines purposes); *United States v. Luciano-Rodriguez*, 442 F.3d 320, 322 (5th Cir. 2006) (ruling that sex obtained by clergyman or mental health professional who "exploits the [victim's] emotional dependency" is not "forcible" for Guidelines purposes). We canvassed this case law recently in *United States v. Luciano-*

*Rodriguez*, and explained that what these statutes have in common is that they allow for conviction in cases where "there may be assent in fact but no legally valid consent under the statute." 442 F.3d at 322. In such cases, the act may well be against the will of the victim (as where the victim is coerced to comply by a public official), but there is no force or threat of force, and thus it is not a "forcible sex offense" under the Guidelines. *Id.* The same is true here: An employer threatens to dismiss an employee unless the employee has sex with him or her, and the employee agrees to do so. That sex is "forcible" rape under the California statute before us, but because it is accomplished without force or the threat of force, it is not a forcible sex offense in this Circuit.[6]

---

[6]We must note that a recent decision of this Court has explicitly altered our approach in this area. *See United States v. Beliew*, No. 06-30400, __ F.3d __, 2007 WL 1932812 (5th Cir. July 5, 2007). In considering whether child molestation in Louisiana was a "forcible sex offense," *Beliew* explicitly expanded the meaning of the term forcible sex offense "through the fiction of 'constructive force.'" *Id.* at *2. The statute in question could be violated by traditional forcible means, but also by "duress, . . . psychological intimidation, . . . [or] use of influence by virtue of a position of control or supervision over the juvenile." *Id.* at *1 (quoting LA. REV. STAT. § 14:81.2(A)). The panel found that the last of these was the most problematic, as it "isn't obviously forcible compulsion," but nonetheless "can be deemed constructive force as the interstitial federal common law of 4B1.2." *Id.* The opinion also concludes, albeit somewhat indirectly, that molestation by "duress" and "psychological intimidation" would constitute forcible compulsion. *Id.*

At first glance, *Beliew* seems to be in tension with our holding, insofar as it finds that duress is "forcible," and we do not. We reiterate, however, that our decision rests largely on the uniquely broad definition of "duress" in use in California in 1991. *See supra* note 2. Moreover, we note that *Beliew* explicitly states its own limitations in light of *Sarmiento-Funes*, so it may be of

10

### 3.  The Government's Counterarguments

The government offers three main arguments in support of the sentencing enhancement, but they are largely inconsistent with our precedent.  First, the government posits that *Sarmiento-Funes* is distinguishable because the sentencing guidelines have since changed.  However, we previously rejected that argument with regard to the 2003 amendments, and there were no changes to the Guidelines between 2003 and 2004 that would impact this case.  *See Luciano-Rodriguez*, 442 F.3d 320, 324 (noting that government's argument was considered and rejected) (Jolly, J., specially concurring).  Second, the government asserts that the California statute does not encompass the assented-to-but-not-consented-to conduct at issue in *Sarmiento-Funes*, which is simply inaccurate.  Third and finally, the government asks us to follow the alternate reasoning of the Third Circuit in *United States v. Remoi*, 404 F.3d 789 (3d Cir. 2005).  However, this is impossible because our jurisprudence since *Sarmiento-Funes* is inconsistent with the Third Circuit's holding in

---

limited import in the instant case.  *Beliew* at *2 ("Expansion of the term 'forcible sex offense' through the fiction of 'constructive force' is bounded by *Sarmiento-Funes*.").  Nevertheless, despite these plausible distinctions, we recognize the possible tension and the uncertainty that it may cause going forward.  To the extent that the opinions conflict, however, we believe it is because *Beliew*, and not our holding, is at odds with the prior precedent of this Court.  We are powerless to resolve such a conflict here, as that is the province of the en banc Court.  This case may indeed present a valuable opportunity for the whole Court to reconsider our precedent in this area, but until then, we adhere to our conclusion.

*Remoi*.  *See United States v. Fernandez-Cusco*, 447 F.3d 382, 387–88 (noting that in *Remoi*, "the Third Circuit declined to follow *Sarmiento-Funes*, instead taking a broad approach that allows for crime-of-violence enhancements for *forcible sex offenses* even in the absence of physical force").  Clearly our Circuit and the Third Circuit have chosen different courses in this area, and thus we are not in a position to adopt the reasoning of *Remoi*.  If the government wishes to press this particular argument, it will have to do so when this court is sitting en banc.[7]

B.  GOMEZ-GOMEZ'S REMAINING ARGUMENTS

Gomez-Gomez includes two additional arguments in his brief. First, he argues that the district court erred in enhancing his sentence under § 2L1.2(b)(1)(B) based on his conviction for a drug crime in 1996.  However, our review of the record reveals that neither the pre-sentence report nor the district court considered Gomez-Gomez's drug conviction for the purposes of a 16-level enhancement under § 2L1.2(b)(1)(B).  That conviction was mentioned at sentencing, and Gomez-Gomez objected to its potential use by the

---

[7]The government's remaining arguments are also unavailing, either because they rely on case law interpreting the term "force" in wholly unrelated contexts, or because they rely on the faulty premise that this Court will affirm any sentence that it considers "reasonable."  Its final point, that an 8-level enhancement is appropriate if the 16-level enhancement is not, may well be true, but this is a matter for the district court to decide in the first instance.  *See Sarmiento-Funes*, 374 F.3d at 345 n.13 ("It is for the district court to resolve in the first instance whether an eight-level enhancement is proper.").

district court, but the court never actually relied upon it. Accordingly, it is not our place to consider it at this time.

Finally, Gomez-Gomez challenges the constitutionality of 8 U.S.C. § 1326(b), which treats prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. Gomez-Gomez concedes, however, that this argument is currently foreclosed by the Supreme Court's opinion in *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998). He presents it to us solely to preserve it for possible Supreme Court review, and we need not consider it further.

### III.  CONCLUSION

Our precedent compels the result that California's forcible rape statute, as it existed in 1991, does not satisfy the element criterion of § 2L1.2(b)(1)(A)(ii), nor does it qualify as a forcible sex offense. Accordingly, the sentence is VACATED and the case is REMANDED for re-sentencing.

13

E. GRADY JOLLY, Circuit Judge, specially concurring:

I concur, but only because we must follow our precedent, which I hope we will reconsider en banc. In my view, under any common-sense standard, forcing sex against an unwilling woman would be forcible sex and therefore a crime of violence against the body of a woman. When a woman is coerced to have sex against her will because of threats that could impair or devastate her life, it is unwilling sex; if it is unwilling sex, it is not unforced sex; and if it is not unforced sex, it is forcible sex within the meaning of the Sentencing Guidelines. Yet our precedent, which we must follow, leads to nonsensical results. Here, for example, no one contests that Gomez-Gomez was convicted under a California statute of the crime of forcible rape of a woman. That statute defines rape as "an act of sexual intercourse ... [w]here it is accomplished against a person's will by means of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the person or another." Cal. Penal Code § 261(a)(2) (1991) (emphasis added). Nevertheless, we follow United States v. Sarmiento-Funes, 374 F.3d 336 (5th Cir. 2004), to require a holding that Gomez-Gomez was not convicted of a "forcible sex offense" because, under the California statute's definition of "duress," rape could be accomplished by a "threat of ... hardship[] or retribution sufficient to coerce a reasonable person," Cal. Penal Code § 261(b). Under Sarmiento-Funes, the majority is forced to conclude that forcible sex is not forcible sex.

The unfortunate error of <u>Sarmiento-Funes</u> is that it imposes the elements test on "forcible sex offense," a conclusion that frustrates the intent of the Sentencing Guidelines. The Guidelines provide two methods for determining whether the crime of conviction qualifies as a "crime of violence": either the crime qualifies as one of the enumerated offenses, such as "forcible sex offense," or the crime has as an element the use, attempted use, or threatened use of physical force. U.S.S.G. § 2L1.2(b)(1)(A)(ii) cmt. n.1(B)(iii). It seems clear that these present two separate inquiries. <u>See, e.g.</u>, <u>Izaguirre-Flores</u>, 405 F.3d at 274 (distinguishing the elements test from enumerated offenses). Yet <u>Sarmiento-Funes</u>, as the majority makes clear, imposes the elements test on "forcible sex offense," requiring rape to include an element of palpable physical force in order to qualify as a "forcible sex offense." Effectively, <u>Sarmiento-Funes</u> iterates the same analysis for determining whether rape is a "crime of violence." <u>Sarmiento-Funes</u> strips "forcible sex offense" of any significance independent from the elements test, and in doing so, tends to contradict rules of statutory construction requiring that we not render statutory language meaningless. <u>See</u> <u>White v. Black</u>, 190 F.3d 366, 368-69 (5th Cir. 1999). The elements test and "forcible sex offense" surely must have independent meanings, and that is why the Third Circuit in <u>United States v. Remoi</u>, 404 F.3d 789 (3d Cir. 2005), declined to follow <u>Sarmiento-Funes</u> and instead emphasized: "The amended definition makes clear that the

15

enumerated offenses are always classified as 'crimes of violence,' regardless of whether the prior offense expressly has as an element the use, attempted use, or threatened use of physical force against the person of another." Id. at 796 (quoting U.S.S.G. app. C (vol. II), amend. 658, at 401-02 (Supp. 2003)). The Third Circuit correctly concluded: "Thus, one can commit a 'forcible sexual offense,' an enumerated offense under section 2L1.2, without employing physical force. If a 'forcible' sexual offense is not associated with physical compulsion, it must therefore mean a sexual act that is committed against the victim's will or consent." Id.

Consistent with Remoi, the correct result to be reached here is found in this Court's recent decision in United States v. Beliew, No. 06-30400, __ F.3d __, 2007 WL 1932812 (5th Cir. July 5, 2007), now in conflict with Sarmiento-Funes and this case. As the majority notes, Beliew held, inter alia, that "duress" and "psychological intimidation" constitute "forcible compulsion," see id. at *1; whereas, Sarmiento-Funes and this panel have required actual physical force.

I would hope that we follow the suggestion of the majority and permit our en banc court to clear up the confusion that our precedents have created.