E. GRADY JOLLY, Circuit Judge,
specially concurring:
I concur, but only because we must follow our precedent, which I hope we will reconsider en banc. In my view, under any common-sense standard, forcing sex against an unwilling woman would be forcible sex and therefore a crime of violence against the body of a woman. When a woman is coerced to have sex against her will because of threats that could impair or devastate her life, it is unwilling sex; if it is unwilling sex, it is not unforced sex; and if it is not unforced sex, it is forcible sex within the meaning of the Sentencing Guidelines. Yet our precedent, which we must follow, leads to nonsensical results. Here, for example, no one contests that Gomez-Gomez was convicted under a California statute of the crime of forcible rape of a woman. That statute defines rape as “an act of sexual intercourse ... [wjhere it is accomplished against a person’s will by means of force, violence, duress, menace, or fear of Immediate and unlawful bodily injury on the person or another.” Cal.Penal Code § 261(a)(2) (1991) (emphasis added). Nevertheless, we follow United States v. Sarmiento-Funes, 374 F.3d 336 (5th Cir.2004), to require a holding that Gomez-Gomez was not convicted of a “forcible sex offense” because, under the California statute’s definition of “duress,” rape could be accomplished by a “threat of ... hardship[ ] or retribution sufficient to coerce a reasonable person,” CaLPenal Code § 261(b). Under Sarmiento-Funes, the majority is forced to conclude that forcible sex is not forcible sex.
The unfortunate error of Sarmiento-Funes is that it imposes the elements test on “forcible sex offense,” a conclusion that frustrates the intent of the Sentencing Guidelines. The Guidelines provide two methods for determining whether the crime of conviction qualifies as a “crime of violence”: either the crime qualifies as one of the enumerated offenses, such as “forcible sex offense,” or the crime has as an element the use, attempted use, or threatened use of physical force. U.S.S.G. § 2L1.2(b)(l)(A)(ii) cmt. n.l(B)(iii). It seems clear that these present two separate inquiries. See, e.g., Izaguirre-Flores, 405 F.3d at 274 (distinguishing the elements test from enumerated offenses). Yet Sarmiento-Funes, as the majority makes clear, imposes the elements test on *570 “forcible sex offense,” requiring rape to include an element of palpable physical force in order to qualify as a “forcible sex offense.” Effectively, Sarmiento-Funes iterates the same analysis for determining whether rape is a “crime of violence.” Sarmiento-Funes strips “forcible sex offense” of any significance independent from the elements test, and in doing so, tends to contradict rules of statutory construction requiring that we not render statutory language meaningless. See White v. Black, 190 F.3d 366, 368-69 (5th Cir.1999). The elements test and “forcible sex offense” surely must have independent meanings, and that is why the Third Circuit in United States v. Remoi, 404 F.3d 789 (3d Cir.2005), declined to follow Sar-miento-Funes and instead emphasized: “The amended definition makes clear that the enumerated offenses are always classified as ‘crimes of violence,’ regardless of whether the prior offense expressly has as an element the use, attempted use, or threatened use of physical force against the person of another.” Id. at 796 (quoting U.S.S.G. app. C (vol. II), amend. 658, at 401-02 (Supp.2003)). The Third Circuit correctly concluded: “Thus, one can commit a ‘forcible sexual offense,’ an enumerated offense under section 2L1.2, without employing physical force. If a ‘forcible’ sexual offense is not associated with physical compulsion, it must therefore mean a sexual act that is committed against the victim’s will or consent.” Id.
Consistent with Remoi, the correct result to be reached here is found in this Court’s recent decision in United States v. Beliew, No. 06-30400, 492 F.3d 314, 2007 WL 1932812 (5th Cir. July 5, 2007), now in conflict with Sarmiento-Funes and this case. As the majority notes, Be-liew held, inter alia, that “duress” and “psychological intimidation” constitute “forcible compulsion,” see id. at *1, 316; whereas, Sarmiento-Funes and this panel have required actual physical force.
I would hope that we follow the suggestion of the majority and permit our en banc court to clear up the confusion that our precedents have created.