## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 4, 2013

No. 11-41090

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SANTIAGO CASTRO-GONZALEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:11-CR-507

Before DeMOSS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Santiago Castro-Gonzalez appeals his sentence and conviction for illegal reentry subsequent to the commission of an aggravated felony pursuant to 8 U.S.C. § 1326(a) and (b)(2). With respect to his sentence, Castro-Gonzalez challenges the district court's imposition of a 16-level crime-of-violence enhancement based on his having committed the offense of attempted sexual assault under Texas Penal Code § 22.011. With respect to his conviction, Castro-Gonzalez argues that attempted sexual assault under § 22.011 is not an

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-41090

"aggravated felony" for purposes of 8 U.S.C. § 1326(b)(2).  For the reasons set forth below, we AFFIRM Castro-Gonzalez's sentence and conviction.

## I.

In 1989, Castro-Gonzalez illegally entered the United States.  Eight years later, he was indicted in Waller County, Texas for burglary of a habitation, a first-degree felony.  In exchange for a favorable sentencing recommendation, Castro-Gonzalez agreed to plead guilty to the third-degree felony of attempted sexual assault.  In Texas, the crime of "Sexual Assault" is codified at § 22.011 of the Texas Penal Code.

In 2004, Castro-Gonzalez was removed to his native Guatemala.  On May 11, 2011, U.S. Border Patrol agents encountered Castro-Gonzalez in Brownsville, Texas.  He was charged in a one-count indictment with violating § 1326(a) and (b)(2) by being found in the United States without permission following his conviction of an aggravated felony and subsequent deportation.  He pleaded guilty of the offense without the benefit of a plea agreement.

The presentence report ("PSR") assigned Castro-Gonzalez a base offense level of eight, with a three-level decrease for acceptance of responsibility.  The PSR also imposed a 16-level crime-of-violence increase pursuant to § 2L1.2(b)(1)(A)(ii) of the U.S. Sentencing Guidelines due to Castro-Gonzalez's attempted sexual assault conviction.  Castro-Gonzalez's total offense level of 21, combined with his criminal history category of V, yielded a recommended Guidelines range of 70-87 months of imprisonment.

Castro-Gonzalez filed an objection to the PSR challenging the 16-level crime-of-violence enhancement.  He argued that some of the offenses codified as sexual assault in Texas Penal Code § 22.011 do not qualify as crimes of violence under the Guidelines.  In support of his argument, Castro-Gonzalez pointed to § 22.011(b)(10), which provides that an actor engages in sexual conduct with another without that person's consent when "the actor is a clergyman who

No. 11-41090

causes the other person to submit or participate by exploiting the other person's emotional dependency on the clergyman in the clergyman's professional character as a spiritual advisor." TEX. PENAL CODE § 22.011(b)(10).[1] Castro-Gonzalez asserted that a violation of § 22.011(b)(10) is not a crime of violence and that therefore imposing the enhancement based on his Texas sexual assault conviction, absent a showing by the government that he was convicted under a different subsection, would be improper under the categorical approach. *See, e.g.*, *United States v. Reyes-Mendoza*, 665 F.3d 165, 167 (5th Cir. 2011) (noting that under categorical approach used to determine applicability of sentencing enhancement, "[w]here the record does not make clear the offender's offense and conviction, courts must ensure that the least culpable act that violates the statute constitutes" the offense category relevant to the sentencing enhancement).

The government responded to Castro-Gonzalez's objection by arguing that § 22.011(b)(10) falls within the scope of "forcible sex offenses," which are among the crimes of violence enumerated in Guidelines. *See* U.S.S.G. § 2L1.2 cmt. n. 1(B)(iii). The government also introduced documents relating to Castro-Gonzalez's Texas attempted sexual assault conviction, including the indictment for burglary of a habitation, and argued that, under the modified categorical approach, the district court could use the documents to narrow the potential subsections of § 22.011 under which Castro-Gonzalez could have been convicted to those other than § 22.011(b)(10). *See United States v. Resendiz-Moreno*, 705

---

[1] Section 22.011(a)(1) of the Texas Penal Code generally criminalizes engaging in sexual conduct with another without that person's consent, while § 22.011(b) enumerates the circumstances in which there is a lack of consent. At the time of Castro-Gonzalez's conviction, § 22.011(b) enumerated ten such circumstances. *See* TEX. PENAL CODE § 22.011(b) (Vernon 1997). The current version of § 22.011(b) lists the same ten circumstances, but also adds an eleventh: when the actor is an employee of a facility as defined by § 250.001 of the Texas Health and Safety Code and the other person is a resident of the facility to whom the actor is not married. TEX. PENAL CODE § 22.011(b)(11).

F.3d 203, 205 (5th Cir. 2013) ("Under the 'modified categorical approach' employed by this Court, if a statute defines multiple crimes or contains disjunctive elements, a limited inquiry into the charging documents is permitted to determine which statutory variant of the crime was committed."). Castro-Gonzalez responded that the court could not use the modified categorical approach because the indictment charged only burglary of a habitation, which was not the ultimate offense of conviction. *See United States v. Turner*, 349 F.3d 833, 836 (5th Cir. 2003) (holding that where defendant pleaded guilty of lesser included offense of the offense charged in indictment, court could not use the indictment to determine which subsection of lesser included offense defendant was convicted under); *see also United States v. Bonilla*, 524 F.3d 647, 652 (5th Cir. 2008) ("Because the criminal information charges a crime of which Bonilla was not convicted, it cannot be used to 'pare down the statute of conviction to determine under which subsection [Bonilla] pleaded guilty.'" (quoting *United States v. Neri-Hernandes*, 504 F.3d 587, 590 (5th Cir. 2007))). *But see United States v. Martinez-Vega*, 471 F.3d 559, 562-63 (5th Cir. 2008) (holding that district court did not plainly err in using indictment to narrow subsection under which defendant pleaded guilty, where defendant pleaded guilty to "*the* lesser charge contained in the Indictment" and indicated presentence report's recitation of facts concerning offense was accurate).

After a hearing, the district court overruled Castro-Gonzalez's objection and held that the crime-of-violence enhancement was applicable. The court found that it did not need to use the modified categorical approach, but instead held that a violation of § 22.011 was a forcible sex offense under the categorical approach. The court sentenced Castro-Gonzalez to a 70-month term of imprisonment, to be followed by a three-year term of supervised release.

On appeal, Castro-Gonzalez renews his arguments that the district court should not have imposed a 16-level crime-of-violence enhancement for his

No. 11-41090

attempted sexual assault conviction.  In support of his argument, he cites not only § 22.011(b)(10), but also § 22.011(b)(9), which provided that an actor engages in sexual conduct with another without that person's consent when "the actor is a mental health services provider who causes the other person, who is a patient or former patient of the actor, to submit or participate by exploiting the other person's emotional dependency on the actor."  TEX. PENAL CODE § 22.011(b)(9) (Vernon 1997).[2] Additionally, Castro-Gonzalez argues for the first time on appeal that the court erred in convicting him of illegal reentry following a conviction for an aggravated felony under § 1326(b)(2) because his Texas sexual assault conviction is not an aggravated felony.

## II.

## A.

We review de novo whether the district court properly categorized a prior offense as a crime of violence.[3]  *United States v. Flores-Gallo*, 625 F.3d 819, 821 (5th Cir. 2010).  "[A]n offense qualifies as a crime of violence if it has physical force as an element or qualifies as one of the enumerated offenses in the Commentary." *United States v. Diaz-Corado*, 648 F.3d 290, 293 (5th Cir. 2011) (internal quotation marks omitted).  In determining the applicability of a federal sentencing enhancement, we first look to whether the scope of the offense category "is clear from the language of the enhancement at issue or its applicable commentary." *United States v. Rodriguez*, 711 F.3d 541, 552 (5th Cir. 2013) (en

---

[2] The current version of § 22.011(b)(9) applies to "heath care services provider[s]," as well as mental health services providers.  *See* TEX. PENAL CODE § 22.011(b)(9).

[3] The Government asserts that Castro-Gonzalez raises his argument based on § 22.011(b)(9) for the first time on appeal and that we should therefore review it for plain error only.  Because we conclude that Castro-Gonzalez's arguments concerning both §§ 22.011(b)(9) and 22.011(b)(10) fail under de novo review, we need not decide whether the plain error standard applies. *United States v. Quiroga-Hernandez*, 698 F.3d 227, 228 n.2 (5th Cir. 2012).

banc). If so, the analysis ends there and we need not determine the "generic, contemporary meaning" of the offense category. *Id.*

The version of the Guidelines applicable to Castro-Gonzalez's sentencing lists among the enumerated crimes of violence: "forcible sex offenses: (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced)." U.S.S.G. § 2L1.2 cmt. n. 1(B)(iii) (Nov. 2010). Prior to 2008, the Guidelines listed "forcible sex offenses" among the enumerated crimes of violence without the clarifying parenthetical. *See, e.g.*, U.S.S.G. § 2L1.2 cmt. n. 1(B)(iii) (Nov. 2007). In 2006, a panel of this court considered whether a conviction under § 22.011 justified a 16-level crime-of-violence enhancement as a forcible sex offense. *See generally United States v. Luciano-Rodriguez*, 442 F.3d 320 (5th Cir. 2006). The panel majority acknowledged prior Fifth Circuit case law that—in determining the applicability of the crime-of-violence sentencing enhancement—distinguished between sex offenses in which the victim neither legally consents nor factually assents to the conduct and offenses in which the victim assents but does not legally consent, such as when the victim assents due to a mental disability. *See id.* at 322-23 (citing *United States v. Sarmiento-Funes*, 374 F.3d 336, 339-45 (5th Cir. 2004)). Taking particular note of §§ 22.011(b)(9) and 22.011(b)(10), the panel majority concluded that § 22.011 of the Texas Penal Code "criminalizes assented-to-but-not-consented-to conduct." *Id.* at 322-23. Over the dissent of Judge Owen, the panel majority found that prior case law compelled it to hold that not every violation of § 22.011 is a forcible sex offense under the Guidelines. *Id.* at 323.

On November 1, 2008, the Guidelines were amended so that the words "forcible sex offenses" were followed by a clarifying parenthetical that reads: "(including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced)." *See*

No. 11-41090

U.S.S.G. App. C, amend. 722 (Nov. 2008). The background commentary to the Amendment states that the revisions are meant to "result in an outcome that is contrary to cases excluding crimes in which there may be assent in fact but no legally valid consent from the scope of 'forcible sex offenses.'" *Id.* (internal quotation marks omitted). Following this statement, the background commentary contains a citation identifying *Luciano-Rodriguez* as one of the cases reaching a result contrary to that intended by the revised Guidelines and describing the case as holding that "a conviction for a sexual assault was not a forcible sex offense because it could have been based on assent . . . when 'the actor is a member of the clergy or is a mental health services provider who exploits the emotional dependency engendered by their position.'" *Id.* (quoting *Luciano-Rodriguez,* 422 F.3d at 323).

The background commentary makes clear that the post-Amendment Guidelines yield a result different from *Luciano-Rodriguez*'s holding that violations of §§ 22.011(b)(9) and 22.011(b)(10) are not forcible sex offenses. As stated by Judge Owen, "the Commission has unequivocally explained in its commentary that it intends for such sexual assault convictions under Texas law to be included within the meaning of 'forcible sex offenses' and the accompanying parenthetical explanation and therefore that such an assault constitutes a 'crime of violence.'" *Rodriguez*, 711 F.3d at 566 (Owen, J., concurring).[4] Because it is "clear from the language of the enhancement [and] its applicable commentary" that §§ 22.011(b)(9) and 22.011(b)(10) fall within the scope of forcible sex offenses under the post-2008 Guidelines, we reject Castro-Gonzalez's arguments based on those subsections and affirm his sentence. *Id.* at 552. We note that

---

[4] Following the 2008 Amendment, a panel of this court held that pre-Amendment Fifth Circuit case law concerning the scope of "forcible sex offenses" was not applicable to sentences imposed after the 2008 revisions. *See United States v. Rodriguez-Juarez*, 631 F.3d 192, 194 (5th Cir. 2011); *see also Diaz-Corado*, 648 F.3d at 294. Accordingly, we are not bound by *Luciano-Rodriguez*'s holding that § 22.011 is not a forcible sex offense under the Guidelines.

other panels of this court that have considered similar statutes in light of the 2008 Amendment have reached the same result. *See United States v. Garza-Guijan*, 714 F.3d 332, 334 (5th Cir. 2013) (holding that Florida sexual battery offense in which "'consent' means intelligent, knowing, and voluntary consent and does not include coerced submission" was forcible sex offense under amended Guidelines); *United States v. Herrera*, 647 F.3d 172, 176 (5th Cir. 2011) (holding that Arkansas offense of engaging in sexual contact "with another person who is incapable of consent because the person is physically helpless, mentally defective, or mentally incapacitated" was forcible sex offense under amended Guidelines).

**B.**

Castro-Gonzalez also challenges his conviction pursuant to § 1326(b)(2) for illegal reentry following the commission of an aggravated felony on the ground that not all violations of the Texas sexual assault statute qualify as aggravated felonies. He argues that he should instead have been convicted under § 1326(b)(1), which imposes a 10-year maximum term of incarceration for illegal reentry following a conviction for a nonaggravated felony. 8 U.S.C. § 1326(b)(1). The maximum term of imprisonment under § 1326(b)(2) is 20 years. 8 U.S.C. § 1326(b)(2). Because Castro-Gonzalez raises this claim for the first time on appeal, we consider it under the plain error standard of review. *United States v. Compian-Torres*, 712 F.3d 203, 206 (5th Cir. 2013). "Plain error review requires four determinations: whether there was error at all; whether it was plain or obvious; whether the error affected the defendant's substantial rights; and whether this court should exercise its discretion to correct the error in order to prevent a miscarriage of justice." *United States v. Cancino-Trinidad*, 710 F.3d 601, 605 (5th Cir. 2013) (quoting *United States v. Dominguez-Alvarado*, 695 F.3d 324, 328 (5th Cir. 2012)).

No. 11-41090

8 U.S.C. § 1101(a)(43) defines "aggravated felony" as, among other things, a "crime of violence." *See* 8 U.S.C. § 1101(a)(43)(F). 18 U.S.C. § 16, in turn, defines "crime of violence" as:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16. As with sentencing enhancements, we use the categorical approach to determine whether an offense qualifies as a crime of violence under § 16. *United States v. Gracia-Cantu*, 302 F.3d 308, 312 (5th Cir. 2002). If, however, "the defendant's prior conviction is under a statute that identifies several separate offenses, some violent and others not . . . we apply the modified categorical method." *United States v. Echeverria-Gomez*, 627 F.3d 971, 975 (5th Cir. 2010) (internal quotation marks omitted). The government's and Castro-Gonzalez's arguments concerning the conviction mirror the arguments they make regarding the sentencing enhancement. The government argues that the conviction can be affirmed under the categorical approach because the offenses codified at §§ 22.011(b)(9) and 22.011(b)(10) qualify as crimes of violence under § 16 and alternatively that the conviction can be affirmed under the modified categorical approach because the indictment makes clear that Castro-Gonzalez was convicted under a subsection of § 22.011 that qualifies as a crime of violence. Castro-Gonzalez maintains that not all offenses codified at § 22.011 are crimes of violence under § 16 and that we cannot use the modified categorical approach to affirm the conviction because Castro-Gonzalez was indicted for burglary of habitation, not attempted sexual assault.

A divided panel of this court recently held that §§ 22.011(b)(9) and 22.011(b)(10) are not crimes of violence under § 16. *Rodriguez v. Holder*, 705

F.3d 207, 215-16 (5th Cir. 2013).  Accordingly, it would have been error for the district court to hold under the categorical approach that Castro-Gonzalez's Texas Sexual Assault conviction qualified as a crime of violence under § 16 and the error would have been plain.  *See Henderson v. United States*, 133 S. Ct. 1121, 1130-31 (2013) (holding that plainness of error is assessed by reference to the law at the time of appeal, not at the time of trial).   As Castro-Gonzalez concedes, however, under *United States v. Mondragon-Santiago*, 564 F.3d 357, 369 (5th Cir. 2009), he cannot show that any error by the district court affected the court's sentencing decision because his properly-calculated, 70-month sentence falls below the 10-year maximum sentence for a violation of § 1326(b)(1) and there is nothing in the record to suggest that the 20-year maximum for a violation of § 1326(b)(2) influenced the district court's sentencing decision.  Accordingly, Castro-Gonzalez has failed to show that the apparent error in his conviction affected his substantial rights.  *See id.* ("Even if we assume the error is plain, it did not affect Mondragon-Santiago's substantial rights.").

Although the panel in *Mondragon-Santiago* reformed the judgment against the defendant to reflect conviction under § 1326(b)(1), we decline to do so in this case.  In *Mondragon-Santiago*, the government stipulated that the defendant should have been convicted under § 1326(b)(1) rather than § 1326(b)(2) and itself requested reformation of judgment.  *Id.* at 367.  Here, however, the government has not done so.  Nor do we think it is likely that the government would stipulate to reformation in light of the intervening *Rodriguez v. Holder* decision, since the government maintains that Castro-Gonzalez's conviction could be affirmed under the modified categorical approach.  We do not reach the merits of that argument, but instead hold that even if the district court erred in convicting Castro-Gonzalez under § 1326(b)(2), the error did affect his

No. 11-41090

substantial rights and that therefore he is entitled to no relief on his plain-error challenge to his conviction.

AFFIRMED