# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 11-20776
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 21, 2013

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

PERFECTO BONILLA GUERRA, Also Known as Perfecto Guerra Bonilla, Also Known as Perfecto Bonilla-Guerra, Also Known as Perfecto Bonella,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CR-833-1

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Perfecto Bonilla Guerra pleaded guilty of illegal reentry by a previously

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

deported alien after an aggravated felony conviction. His offense level was increased for a Texas conviction for attempted sexual assault that was deemed a "crime of violence" ("COV") under U.S.S.G. § 2L1.2(b)(1)(A)(ii). He contends that his Texas conviction was not a COV because some of the offenses codified as sexual assault in Texas Penal Code § 22.011 do not qualify as COVs under the sentencing guidelines.

We review for plain error because the issue is raised for the first time on appeal. *See United States v. Andino-Ortega*, 608 F.3d 305, 309 (5th Cir. 2010). To establish plain error, Bonilla Guerra must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

We recently rejected, on *de novo* review, an indistinguishable argument in *United States v. Castro-Gonzalez*, No. 11-41090, 2013 WL 2421677, at \*1–4 (5th Cir. Jun. 4, 2013) (per curiam) (unpublished), in which we held that a conviction under Section 22.011 is a forcible-sex offense and therefore a COV under United States Sentencing Guidelines § 2L1.2. Accordingly, *Castro-Gonzalez*, though unpublished, is on point and sufficient to show that there was no obvious or plain error. *See Puckett*, 556 U.S. at 135.

Also, Bonilla Guerra contends that the district court plainly erred in convicting, sentencing, and entering judgment under 8 U.S.C. § 1326(b)(2), because he was not deported following a conviction for an "aggravated felony" as defined in 8 U.S.C. § 1101(a)(43). He maintains that the sentence should be vacated and remanded for resentencing or, in the alternative, for reformation of the judgment.

As Bonilla Guerra acknowledges, his claim is reviewed for plain error because he did not raise it in the district court. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 368 (5th Cir. 2009). The Texas conviction does not

2

qualify as an "aggravated felony" for purposes of § 1101(a)(43)(F). *See Rodriguez v. Holder*, 705 F.3d 207, 215-16 (5th Cir. 2013). As he concedes, however, Bonilla Guerra cannot show that the error affected his substantial rights given that his sentence did not exceed the statutory maximum under § 1326(b)(1). *See Mondragon-Santiago*, 564 F.3d at 368. Because Bonilla Guerra cannot overcome plain-error review and because the government does not concede that the judgment should be reformed, Bonilla Guerra has not shown that we should remand for resentencing or that the judgment should be reformed. *Cf. id.* at 368–69; *see also Castro-Gonzalez*, 2013 WL 2421677, at *6.

AFFIRMED.