# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-50384
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 29, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EMANUEL FERMAN,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:12-CR-589-1

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Emanuel Ferman pleaded guilty to one count of illegal reentry into the United States after deportation. The district court increased his offense level by 16 levels because his deportation occurred following his Texas state court conviction of sexual assault under Texas Penal Code § 22.011, a crime of violence, and sentenced him to 64 months in prison.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50384

On appeal Ferman challenges the 16-level crime-of-violence enhancement.  If preserved for appeal, the district court's characterization of a prior offense as a crime of violence is a question of law that this court reviews de novo.  *United States v. Izaguirre-Flores*, 405 F.3d 270, 272 (5th Cir. 2005).  Ferman, however, failed to preserve the issue by failing to make a timely objection to the presentence report, and our review is limited to plain error.  *See United States v. Jeffries*, 587 F.3d 690, 691 n.1 (5th Cir. 2009).

With respect to Ferman's assertion that a Texas deferred adjudication is not a felony conviction for purposes of the federal offense level enhancement, this court has held that deferred adjudication may be counted as a conviction for a felony for purposes of U.S.S.G. § 2L1.2(b)(1).  *United States v. Ramirez*, 367 F.3d 274, 277 (5th Cir. 2004); *United States v. Valdez-Valdez*, 143 F.3d 196, 202-03 (5th Cir. 1998).

Ferman also challenges the district court's determination that his Texas conviction of sexual assault was a crime of violence for purposes of § 2L1.2(b)(1)(A)(ii).  That section provides for a 16-level increase if a conviction qualifies as a crime of violence because it either (1) is one of the enumerated offenses set forth in the application note to § 2L1.2, or (2) has as an element the actual, attempted, or threatened use of physical force against another person.  *See Izaguirre-Flores*, 405 F.3d at 273-75.  In *United States v. Castro-Gonzalez*, 530 F. App'x 285, 288-89 (5th Cir. 2013) (unpublished), the court held that § 22.011 fell within the meaning of forcible sex offenses as defined by the applicable Sentencing Guidelines.  *See United States v. Rodriguez*, 711 F.3d 541, 549 (5th Cir.) (en banc) (defining method to determine enumerated offenses), *cert. denied*, 134 S. Ct. 512 (2013).  Under the reasoning of *Castro-Gonzalez*, the district court did not plainly err in applying the 16-level

2

enhancement.  *See United States v. Guerra*, 542 F. App'x 393 (5th Cir. 2013) (unpublished).

AFFIRMED.