# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-41071
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 11, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

> Plaintiff-Appellee

v.

SANTOS ORTIZ-MALDONADO,

> Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:14-CR-280

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:[*]

Santos Ortiz-Maldonado (Ortiz-Maldonado) pleaded guilty to illegal reentry by a previously deported alien after an aggravated felony conviction. Ortiz-Maldonado argues that the district court plainly erred in convicting, sentencing, and entering judgment against him under 8 U.S.C. § 1326(b)(2), because he was not deported following a conviction for an "aggravated felony" as defined in 8 U.S.C. § 1101(a)(43). He contends that the sentence should be

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

vacated and remanded for resentencing or, in the alternative, for reformation of the judgment to reflect that he was convicted and sentenced under § 1326(b)(1).

As Ortiz-Maldonado acknowledges, his claim is reviewed for plain error because he did not raise it in the district court. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 368 (5th Cir. 2009). To establish plain error, an appellant must show a forfeited error that is clear or obvious and that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

This Court has not decided whether a conviction for conspiracy to transport firearms, in violation of 18 U.S.C. §§ 371 and 922(a)(5), qualifies as an aggravated felony, and the authorities cited by Ortiz-Maldonado do not compel the conclusion that it does not. Therefore, he has not demonstrated clear or obvious error. Even if Ortiz-Maldonado had demonstrated clear or obvious error, crucially, he concedes that he cannot show that such error affected his sentencing outcome. *See Mondragon-Santiago*, 564 F.3d at 369 (finding no plain error where defendant failed to show that the outcome of the sentencing would have been different). Notably, Ortiz-Maldonado's sentence of twenty-four months did not exceed the statutory maximum of ten years under § 1326(b)(1). *See id.* Because Ortiz-Maldonado cannot overcome plain error review and because the Government does not concede that the judgment should be reformed, Ortiz-Maldonado has not shown that his case should be remanded for resentencing or that the judgment should be reformed. *See, e.g.*, *United States v. Guerra*, 542 F. App'x 393, 394 (5th Cir. 2013); *United States v.*

No. 14-41071

*Castro-Gonzalez*, 530 F. App'x 285, 291 (5th Cir. 2013);[1] *cf. Mondragon-Santiago*, 564 F.3d at 367-69.

AFFIRMED.

---

[1] Although *United States v. Guerra* and *United States v. Castro-Gonzalez* are unpublished and, thus, not binding precedent, they are still persuasive. *See United States v. Johnson*, 619 F.3d 469, 473 n.3 (5th Cir. 2010).